■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of ALEX K. and Another, Children Alleged to be Neglected, Respondents, v LIGIA K., Appellant. [615 NYS2d 923] —In a neglect proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Torres, J.), dated December 12, 1990, which, after a hearing and upon a fact-finding determination dated September 17, 1990, made an affirmative finding of neglect against her.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court did not impermissibly admit into evidence her entire hospital record.

Entries in a hospital record are admissible if they are relevant to the patient's diagnosis and treatment *(see,* Richardson, Evidence § 301 [Prince 10th ed]). When statements are made to hospital personnel, a two-part test must be satisfied for those statements to be admissible. It must be within the scope of the entrant's business duty to record the statement, and the declarant must be under a business duty to report the statement or the statement must otherwise fall within one of the exceptions to the hearsay rule *(see,* Richardson, Evidence § 302 [Prince 10th ed]; *Matter of Leon RR,* 48 NY2d 117, 122-123).

Here, only those portions of the hospital record relevant to the mother's diagnosis and treatment were admitted into evidence. The statements of the children that their mother had hit them and had bitten them when she was angry were relevant to her diagnosis and treatment. It was, therefore, within the scope of the hospital's business duty to record such statements. While the children were not under a business duty to report their mother's behavior to the hospital, their statements were admissible pursuant to Family Court Act § 1046 (a) (vi). Consequently, the statements were properly admitted as business records (see, Family Ct Act § 1046 [a] [iv]; *Matter of Leon RR, supra,* 48 NY2d, at 122-123; Richardson, Evidence § 302 [Prince 10th ed]).

There is ample evidence in the record to support the Family Court's finding of neglect (see, *Matter of C. Children,* 183 AD2d 767; *Matter of Danielle M.,* 151 AD2d 240). Mangano, P. J., Altman, Hart and Florio, JJ., concur.