(July 20, 2000)

■ In the Matter òf MARK S., a Person Alleged to be a Juvenile Delinquent, Respondent. [711 NYS2d 398] —Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about December 14, 1998, dismissing the delinquency petition, unanimously reversed, on the law, without costs, the petition reinstated and the matter remanded for further proceedings.

Respondent was a passenger in the back seat of a livery cab, alongside his cousin, co-respondent John M., when they were arrested and charged with what would have been, for an adult, the criminal possession of a dangerous weapon. The arresting officers retrieved a loaded 9-millimeter semiautomatic handgun which had been spotted underneath the foot of the co-respondent.

At a joint hearing, the co-respondent admitted that "I had a gun in a cab," whereupon respondent's application to dismiss was granted on the ground that the co-respondent's admission rebutted the statutory presumption of respondent's possession. The court summarily rejected the Corporation Counsel's request for a trial on the question whether the statutory presumption had been rebutted.

Penal Law § 265.15 (3), as relevant here, creates the presumption that all persons in a motor vehicle are in possession of a firearm that is not actually "upon the person of one of the occupants therein." The Court of Appeals has ruled that even a gun found in a bag is presumed to be possessed by all the occupants of a vehicle (*People v Lemmons*, 40 NY2d 505).

The presentment agency had a right to an evidentiary hearing to challenge the premise that the statutory presumption of respondent's possession had been overcome (*see*, Family Ct Act § 342.1). While we make no ruling on the merits today, we would note that a weapon presumed to be possessed by all occupants of a motor vehicle, under Penal Law § 265.15 (3), is often "owned" or actually "possessed" by only one of those occupants. That ownership or possession does not, by itself, negate the statutory presumption of possession by the other occupants as well. The co-respondent's admission that he "had a gun" did not establish exclusive possession, as a matter of law. Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Buckley, JJ.