■ In the Matter of JEFFREY RAYMOND D., Also Known as JEFFREY D., a Child Alleged to be Neglected. ST. CHRISTOPHER OTTILIE, Respondent-Appellant; JENNIFER G., Appellant-Respondent, et al., Respondents. [770 NYS2d 651]—In a proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights on the ground of permanent neglect, the mother appeals (1), as limited by her brief, from so much of an order of fact finding and disposition of the Family Court, Kings County (Elkins, J.), dated February 15, 2001, as, after a hearing, determined that she permanently neglected the subject child, and (2) from an order of the same court dated August 6, 2001, which, after a hearing, and upon a determination that she violated the terms of the prior order suspending judgment, terminated her parental rights and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption, and the petitioner cross-appeals, as limited by its brief, from so much of the order dated February 15, 2001, as suspended judgment with respect to the mother's custody and guardianship rights pursuant to Family Court Act §§ 631 and 633, for a period of 12 months.

Ordered that the cross appeal is dismissed as academic, without costs or disbursements, and it is further,

Ordered that the order dated February 15, 2001, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated August 6, 2001, is affirmed, without costs or disbursements.

The Family Court properly determined that the petitioner established by clear and convincing evidence that, despite its diligent efforts to encourage and strengthen the parental relationship, the mother permanently neglected the subject child by failing to maintain continuous contact with him on a regular basis and failing to plan for his future (see Matter of Rondale L., 247 AD2d 617 [1998]; Matter of Chimere C., 259 AD2d 615 [1999]).

We have reviewed the record and agree with the mother's assigned counsel that there are no nonfrivolous issues which could be raised on the appeal from the order terminating the mother's parental rights and transferring custody and guardianship of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. Counsel's application for leave to withdraw as counsel is granted (see Anders v California, 386 US 738 [1967]; Matter of Shadre D., 306 AD2d 475 [2003]; Matter of Alexis B., 292 AD2d 604 [2002]).

Under the facts of this case, the cross appeal from so much of the order of fact finding and disposition dated February 15, 2001, as suspended judgment with respect to the mother's custody and guardianship rights pursuant to Family Court Act §§ 631 and 633, for a period of 12 months has been rendered academic. Altman, J.P., Krausman, Adams and Townes, JJ., concur.