■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR BURNS, Appellant. [795 NYS2d 574]—

Judgment, Supreme Court, New York County (George B. Daniels, J.), rendered September 9, 1997, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress his statements to police. His initial questioning was not custodial and did not require *Miranda* warnings (*see Oregon v Mathiason*, 429 US 492, 495 [1977]). The test of whether an interrogation is custodial is what a reasonable person in the defendant's position, innocent of any crime, would have thought (*People v Yukl*, 25 NY2d 585, 589 [1969]; *see also Thompson v Keohane*, 516 US 99, 112 [1995]). Here, defendant voluntarily went to the police

station to discuss an incident in which he had been shot, and he was not handcuffed or restrained in any way. He was left alone in an unlocked room for an extended period of time, with the officers occasionally inquiring as to his welfare. The questioning and atmosphere were not accusatory, and all of the police actions were consistent with interviewing a crime victim as opposed to a suspect. The police described defendant as cooperative, "very cordial" and "at ease." Under these circumstances, the initial questioning of defendant, which did not yield any incriminating statements, was not custodial (*see e.g. People v Rivera*, 7 AD3d 358 [2004], *lv denied* 3 NY3d 741 [2004]; *People v Pena*, 300 AD2d 132 [2002]; *People v Wright*, 188 AD2d 272 [1992], *lv denied* 81 NY2d 978 [1993]). The police ultimately arrested defendant, and he made voluntary admissions after proper *Miranda* warnings and waivers.

The court also properly denied defendant's motion to suppress the lineup identifications. Even if any of the police questioning of defendant had been unlawful, the lineups were not the product of such questioning, but were the result of other evidence already in the possession of the police.

At trial, the court properly denied defendant's request to admit an allegedly exculpatory hearsay statement into evidence. The only portion of the statement that was arguably against the declarant's penal interest, and therefore admissible on that theory (*see People v Geoghegan*, 51 NY2d 45, 49 [1980]; *People v Maerling*, 46 NY2d 289, 298 [1978]), was irrelevant to the crime charged. The failure to admit this evidence did not deprive defendant of his constitutional right to present a defense (*see People v Robinson*, 89 NY2d 648, 654-657 [1997]), since the hearsay statement lacked any indicia of reliability and was not material, in that it would have required the jury to engage in a good deal of speculation to connect the events recounted in the statement to the crime charged. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Williams, JJ.