[844 NE2d 751, 811 NYS2d 297]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR BURNS, Appellant.

Decided February 14, 2006

## APPEARANCES OF COUNSEL

*Center for Appellate Litigation*, New York City (*Bruce D. Austern* and *Robert S. Dean* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Christopher P. Marinelli* and *Alan Gadlin* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant took part in a shootout in which he was wounded and the victim killed. Before implicating himself and two associates in the killing, he gave several different accounts of what had happened, including the claim that both he and the victim had been shot by a gang of Hispanic men.

At trial, the People disclosed a signed statement given to police by a declarant whose last-known address the People supplied. Declarant placed five armed Hispanic men a few New York City blocks away from the scene of the shootout on the same day and at roughly the same time. He stated that one of the armed men gave him three bags of heroin and told him to leave the area because "they" had to talk about "something [they were] going to do" that night. After declarant had walked about two blocks from the site of this encounter, he heard gunshots and sirens; he also saw the five men get into two cars. The next day, declarant happened upon one of the five men, who told him that "[e]verything was taken care of last night."

In denying defendant's request to admit this allegedly exculpatory hearsay statement under the exception for declarations against penal interest, the trial court did not err. The only portion of the statement that arguably fell within the exception (declarant's acknowledgment that he possessed heroin) had no relevance to the issues at trial (*see People v Geoghegan*, 51 NY2d 45, 49 [1980] [when determining whether to admit a statement as declaration against penal interest, "only those parts which inculpate the declarant should be admitted"]).

Finally, there was no violation of defendant's constitutional right to present a defense. The trial court precluded defendant from offering the hearsay statement through the testimony of a police officer to whom the statement had been made (which would have compounded the hearsay problem), but afforded defendant another way to elicit the information: the trial court offered defendant a "so ordered" subpoena for declarant to testify and the opportunity to make an offer of proof (*see Delaware v Van Arsdall*, 475 US 673, 679 [1986], quoting *Delaware v Fensterer*, 474 US 15, 20 [1985] ["(T)he Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish"]; *cf. People v Corby*, 6 NY3d 231 [2005] [precluding one avenue of cross-examination did not violate the defendant's right to cross-examine witnesses]). In any event, because the hearsay statement lacked any indicia of reliability, defendant was not entitled to introduce it (*see People v Robinson*, 89 NY2d 648, 650 [1997] [defendant's constitutional right to due process requires admission of hearsay evidence when declarant has become unavailable to testify and "the hearsay testimony is material, exculpatory *and has sufficient indicia of reliability*" (emphasis added)]).

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed in a memorandum.