(October 28, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY COLON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ORTIZ, Appellant. [865 NYS2d 601]—

Order, Supreme Court, New York County (Michael A. Cor-riero, J.), entered October 18, 2005, which denied defendants' CPL 440.10 motions to vacate judgments of the same court (Clifford A. Scott, J.), rendered October 5, 1993, convicting defendants, after a jury trial, of murder in the second degree and related crimes, and imposing sentence, unanimously af-firmed.

The trial prosecutor failed to disclose notes from her inter-views with two witnesses who possessed potentially exculpatory information. The prosecutor also failed to disclose the fact that she assisted in the relocation of a prosecution witness's grandparents. Insofar as the relocation constituted an additional benefit to the witness, the prosecutor improperly failed to cor-rect the witness's testimony that, other than a guilty plea to disorderly conduct, he had not been promised any other benefit, and, in her summation, the prosecutor misstated the benefits the witness received. Each of these acts or omissions was improper (*see Giglio v United States*, 405 US 150 [1972]; *Brady v Maryland*, 373 US 83 [1963]; *People v Novoa*, 70 NY2d 490, 498 [1987]).

Nevertheless, while we conclude the reasonable possibility standard applies (*see People v Vilardi*, 76 NY2d 67, 77 [1990]), we find no reasonable possibility that the undisclosed informa-tion, the incorrect testimony and the prosecutor's comments during summation affected the verdict. The exculpatory docu-ments contained layers of hearsay, not apparently admissible under any hearsay exceptions (*see People v Burns*, 6 NY3d 793, 794 [2006]; *People v Alvarez*, 44 AD3d 562, 564 [2007], *lv denied* 9 NY3d 1030 [2008]), and there is no basis other than specula-tion upon which to conclude that, if disclosed, they might have led to admissible exculpatory evidence. There is no evidence that the witnesses, or the sources of their statements, would have been willing or able to testify at trial. As for the relocation of the witness's grandparents, its impeachment value would have been cumulative because the jury's awareness that the witness was receiving a favorable plea agreement in exchange for his testimony "was far more crucial in assessing his cred-ibility" (*People v Sibadan*, 240 AD2d 30, 35 [1998], *lv denied* 92 NY2d 861 [1998]). Moreover, there was other evidence against defendants, including the testimony of another witness who identified them as the perpetrators of the crimes.

Except as indicated, we find no other violations of the People's obligations to disclose information or correct inaccurate testimony, and we reject defendants' arguments to the contrary. In the alternative, we find no reasonable possibility that any such violations affected the outcome of the case. Concur—Lippman, P.J., Andrias, Buckley, Sweeny and Renwick, JJ.