■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL COLEMAN, Appellant. [893 NYS2d 23]—

The court properly excluded hearsay evidence offered by defendant, since it was not admissible either as a declaration against penal interest or pursuant to defendant's right to present a defense. Shortly after the crime, defendant's then-girlfriend made a videotaped statement to the police and the prosecutor. This statement initially tended to support defendant's justification defense, but the later portion of the statement expressly contradicted the earlier portion and tended to disprove such a defense. The declarant also admitted that she kicked the victim during the incident.

The declarant was arrested for murder but never indicted, and at the time of defendant's trial, more than a year later, the felony complaint against the declarant was still pending. Defendant sought to introduce the videotaped statement at trial, claiming that the declarant was unavailable both because he could not locate her, and because the attorney representing her in her own case had stated that she would invoke her right against self-incrimination.

The court properly concluded that defendant had not established the declarant's unavailability. Defendant did not make sufficient efforts to locate the declarant, given that she had been regularly making court appearances on her own case, and that defendant declined the court's offer to sign a subpoena or material witness order. With regard to the declarant's Fifth Amendment privilege, the prosecutor suggested that questioning be structured to avoid any self-incrimination problem, but conceded that if the declarant appeared in court and the Fifth Amendment problem could not be avoided, he would dismiss the case against her. Therefore, the declarant's attorney's statement that the declarant would invoke her privilege was not dispositive, because it was made before the prosecutor offered to dismiss the complaint; under the circumstances, the declarant's availability could not be determined unless she appeared (cf. *People v Savinon*, 100 NY2d 192, 199 and n 7 [2003]).

The court also correctly concluded that the statement was highly unreliable, for a number of reasons. Among other things, the declarant contradicted herself, her statement was contradicted by other evidence including medical evidence relating to the victim's injuries, she appeared on the videotape to be under

the influence of drugs, and she admitted that critical portions of her statement supporting defendant's justification defense were not based on personal knowledge.

Accordingly, the declarant was not unavailable, and her statement was not reliable. For each of these reasons, the statement failed to qualify for admission as a declaration against penal interest (*see People v Settles*, 46 NY2d 154, 167-170 [1978]), and there was also no violation of defendant's constitutional right to present a defense (*see Chambers v Mississippi*, 410 US 284 [1973]; *People v Robinson*, 89 NY2d 648, 654 [1997]; *People v Burns*, 18 AD3d 397 [2005], *affd* 6 NY3d 793 [2006]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Friedman, Nardelli, Renwick and Román, JJ.