THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LUCKEY, Appellant. [905 NYS2d 3]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered May 29, 2008, as amended June 18, 2008, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of five years, unanimously affirmed.

The court properly exercised its discretion in precluding a letter offered by defendant as a declaration against penal interest (*see People v Settles*, 46 NY2d 154, 167-170 [1978]). Defendant was charged with supplying drugs to another person in return for prerecorded buy money that the other person had obtained from an undercover officer minutes earlier. Defendant offered a letter from this person, in which she claimed the transfer of money had been the repayment of a debt, and that she didn't know it was "marked." Defendant did not establish that the author of the letter could not be located, intended to invoke her Fifth Amendment privilege if called, or was otherwise unavailable as a witness (*see People v Coleman*, 69 AD3d 430 [2010]). Furthermore, the letter was not against the author's penal interest; on the contrary, it appeared to be crafted to avoid any admission of guilt. Finally, there was nothing to confirm the letter's reliability. Since this evidence was neither reliable nor critical to establish defendant's defense, we reject defendant's argument that he was constitutionally entitled to introduce it (*see Chambers v Mississippi*, 410 US 284 [1973]; *People v Robinson*, 89 NY2d 648, 654 [1997]; *People v Burns*, 18 AD3d 397 [2005], *affd* 6 NY3d 793 [2006]).

Defendant did not preserve his claim that the court should have charged the jury on the principles governing the use of a defendant's allegedly false exculpatory statements as consciousness-of-guilt evidence, and we decline to review it in the interest of justice. As an alternative holding, we find there was no need for such an instruction, because the prosecutor never asked the jury to draw any such inference. Defendant's claim that his counsel rendered ineffective assistance by failing to request such a charge is unreviewable on the present record. Defendant's attorney could have had a sound strategic reason for avoiding a charge that would have unnecessarily highlighted damaging evidence. Concur—Tom, J.P., McGuire, Moskowitz, Acosta and Freedman, JJ.