■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ORTIZ, Appellant. [917 NYS2d 161]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered February 17, 2009, as amended March 18, 2009, and as further amended April 12, 2010, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of two years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence warrants the conclusion that an officer had a suitable

opportunity to observe defendant sell drugs to an apprehended buyer.

The court properly precluded defendant from introducing evidence that the alleged buyer, who died before defendant's trial, told defendant's investigator that he bought the drugs at issue from someone other than defendant. The court correctly rejected defendant's argument that the deceased buyer's statements qualified as declarations against penal interest. In the first place, at the time the buyer made the hearsay declarations, he had already pleaded guilty to a misdemeanor and been sentenced, and he did not take an appeal. The buyer would have had no reason to believe that the declarations would ever be used against him in any proceeding. Furthermore, the identity of the seller was not an incriminating part of the declarations (*see People v Geoghegan*, 51 NY2d 45, 49 [1980]). Finally, defendant did not provide any meaningful independent proof that the statements were reliable, and the People had evidence to the contrary (*see People v Ennis*, 11 NY3d 403, 412-413 [2008], *cert denied* 556 US —, 129 S Ct 2383 [2009]).

Since defendant only argued that these declarations should have been admitted under a state law hearsay exception, and never claimed he was constitutionally entitled to introduce them (*see People v Lane*, 7 NY3d 888, 889 [2006]), his constitutional claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits, since this evidence was neither reliable nor critical to establish defendant's defense (*see Chambers v Mississippi*, 410 US 284 [1973]; *People v Robinson*, 89 NY2d 648, 654 [1997]; *People v Burns*, 18 AD3d 397 [2005], *affd* 6 NY3d 793 [2006]). Defendant has not established any basis for summary reversal as the result of the loss of certain trial exhibits (*see People v Yavru-Sakuk*, 98 NY2d 56, 59 [2002]). The loss of these exhibits has not impeded our weight of the evidence review. Concur— Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.