■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE FIELDS, Appellant. [932 NYS2d 185]—

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that a detective's testimony implicitly bolstered the identification testimony of two witnesses is unpreserved for appellate review, since he failed to object to the allegedly improper testimony (*see* CPL 470.05 [2]; *People v West*, 56 NY2d 662, 663 [1982]; *People v Capehart*, 60 AD3d 689, 690 [2009]). In any event, the defendant's contention is without merit (*see People v McIlwain*, 205 AD2d 710 [1994]; *People v Middleton*, 128 AD2d 554 [1987]).

The County Court properly admitted statements made by a complainant to a police officer at a hospital under the excited utterance exception to the hearsay rule. As the statements were made 10 minutes after the complainant was beaten with a baseball bat and shot in the back, while he was in great pain and screaming that he thought he was going to die, and just before he slipped into unconsciousness, they were clearly " 'the product of the declarant's exposure to a startling or upsetting event that [was] sufficiently powerful to render the observer's normal reflective processes inoperative' preventing the opportunity for deliberation and fabrication" (*People v Carroll*, 95

NY2d 375, 385 [2000], quoting *People v Vasquez*, 88 NY2d 561, 574 [1996]; *see People v Fratello*, 92 NY2d 565, 570-571 [1998], *cert denied* 526 US 1068 [1999]; *People v Cotto*, 92 NY2d 68, 79 [1998]; *People v Holden*, 82 AD3d 1007, 1008-1009 [2011]; *People v Whitley*, 59 AD3d 746, 746-747 [2009]).

Contrary to the defendant's contention, the trial court providently exercised its discretion in denying his request to admit into evidence a witness's statement to the police, which identified another person as the perpetrator, under the past recollection recorded exception to the hearsay rule, in light of the witness's inability to "presently testify that the record correctly represented his knowledge and recollection when made" (*People v Taylor*, 80 NY2d 1, 8 [1992]; *see People v Pacheco*, 38 AD3d 686, 689 [2007]; *People v Fields*, 151 AD2d 598, 599-600 [1989]). Moreover, the exclusion of the statement did not violate the defendant's constitutional right to present a defense. The statement did not demonstrate sufficient indicia of reliability and, although exculpatory, was not critical to the defense, since the alleged alternative perpetrator testified for the defense and was never alleged to be the perpetrator at trial (*see People v Ortiz*, 81 AD3d 513, 514 [2011]; *People v Burns*, 18 AD3d 397, 398 [2005], *affd* 6 NY3d 793 [2006]; *cf. Chambers v Mississippi*, 410 US 284, 302 [1973]; *People v Robinson*, 89 NY2d 648, 654 [1997]; *People v Oxley*, 64 AD3d 1078, 1083-1084 [2009]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.