■ The People of the State of New York, Respondent, v Donald Perrington, Appellant. The People of the State of New York, Respondent, v Omar Shabazz, Appellant. [932 NYS2d 472]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Danielson*, 9 NY3d 342, 348-349 [2007]). The court appropriately charged the jury on the Penal Law § 265.15 (3) presumption that all the occupants of an automobile are presumed to possess a firearm found therein, and the jury properly drew that inference (*see People v Lemmons*, 40 NY2d 505, 510 [1976]).

The presumption was not rebutted by the fact that the pistol was found in a woman's purse. Defendants and a separately tried female codefendant were all passengers in the car. The pistol's grip was protruding from an unfastened purse located in the middle of the rear seat. The jury could have reasonably concluded that the codefendant was not the sole possessor of the pistol (*see Matter of Mark S.*, 274 AD2d 334 [2000]), and we find no basis to disturb that finding.

The court properly exercised its discretion in precluding defendants from introducing a statement made by the codefendant as a declaration against penal interest (*see People v Settles*, 46 NY2d 154, 167-170 [1978]). In the statement, the codefendant told defendant Perrington's former attorney that the pistol found in the car was hers. After making this statement, but before defendants' trial, the codefendant was tried separately. At that trial, she testified the weapon was not hers, and she was acquitted.

Defendants did not establish that the declarant could not be located or was otherwise unavailable as a witness (*see People v Luckey*, 73 AD3d 568 [2010], *lv denied* 15 NY3d 807 [2010]). The People's inability to locate the codefendant after her own trial was not dispositive of whether she would cooperate with defendants, with whom she was associated. Furthermore, there was nothing to confirm the statement's reliability, and it was particularly unreliable in light of her testimony at her own trial. Indeed, defendant Shabazz's counsel acknowledged that he did not want to call the codefendant as a witness, because she would testify in accordance with her prior testimony rather than her hearsay declaration.

Defendants did not assert any constitutional right to introduce the precluded evidence. Accordingly, they did not preserve their constitutional claim (*see People v Lane*, 7 NY3d 888, 889 [2006]; *see also Smith v Duncan*, 411 F3d 340, 348-349 [2d Cir 2005]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits, since this evidence was neither reliable nor critically exculpatory (*see Chambers v Mississippi*, 410 US 284 [1973]; *People v Robinson*, 89 NY2d 648, 654 [1997]; *People v Burns*, 18 AD3d 397 [2005], *affd* 6 NY3d 793 [2006]). The codefendant's assertion that she owned the pistol would not have established her exclusive possession of it at the time of the arrest (*see Mark S.*, 274 AD2d at 334).

The court properly exercised its discretion when it denied defendants' mistrial motions, which were based on aspects of the prosecutor's summation and her examination of a witness. In each instance, the court's curative actions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]). The remainder of defendants' challenges to the prosecutor's summation, as well as Pennington's claim that he was prejudiced by the People's use of an alternative theory of prosecution, are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

We perceive no basis for reducing the sentences. Concur— Mazzarelli, J.P., Catterson, Moskowitz, Renwick and Abdus-Salaam, JJ.