Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered June 22, 2010, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, he was not deprived of his right to be present at all material stages of trial. Since the pretrial proceedings at issue only involved questions of law or procedure, his presence was not required (see People v Fabricio, 3 NY3d 402, 406 [2004]; People v Roman, 88 NY2d 18, 27-28 [1996] ; People v Rodriguez, 85 NY2d 586, 591 [1995]; People v Morales, 80 NY2d 450, 457 [1992]; People v Velasco, 77 NY2d 469, 472 [1991]).
The defendant’s contention that he was deprived of his constitutional right to present a defense is unpreserved for appellate review (see CPL 470.05 [2]). In any event, the Supreme Court properly precluded the defendant from calling a witness to testify about a tape-recorded conversation. The hearsay conversation did not possess sufficient indicia of reliability, and was not material to the defense (see People v Burns, 6 NY3d 793, 795 [2006]; People v Fields, 89 AD3d 861, 862 [2011]; People v Ortiz, 81 AD3d 513, 514 [2011]; cf. Chambers v Mississippi, 410 US 284, 302 [1973]; People v Robinson, 89 NY2d 648, 654 [1997] ; People v Oxley, 64 AD3d 1078, 1083-1084 [2009]). Furthermore, there is no merit to the defendant’s contention that the failure of trial counsel to preserve his constitutional claim for appellate review constituted ineffective assistance of counsel (see People v Stultz, 2 NY3d 277, 287 [2004]; People v McKenzie, 48 AD3d 594, 595 [2008]; People v Stover, 36 AD3d 837, 838 [2007]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur.