■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DAVIDSON, Appellant. [995 NYS2d 63]—

Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J.H.O., and Charles H. Solomon, J., at hearing; Michael J. Obus, J., at jury trial and sentencing), rendered August 1, 2012, convicting defendant of two counts of burglary in the second degree and two counts of criminal possession of stolen property in the fifth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The record supports the hearing court's finding that the photo array and lineup identification procedures were fair and nonsuggestive. The photographs were sufficiently similar to avoid any substantial likelihood that defendant would be singled out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

Defendant's arguments concerning the sufficiency and weight of the evidence supporting one of the burglary convictions are unavailing (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supporting this conviction included the inference

to be drawn from recent, exclusive, unexplained possession of the fruits of a crime (*see People v Galbo*, 218 NY 283, 290 [1916]), and damaging admissions contained in recordings of phone calls made by defendant while incarcerated. The evidence did not support any inference that defendant could have obtained the first victim's property other than by burglarizing his apartment.

The trial court, which accorded defendant a full opportunity to present a third-party-culpability defense, properly exercised its discretion in precluding defendant from introducing portions of a videotape that plainly constituted hearsay. Defendant did not make an adequate showing that the hearsay evidence was reliable, or that it was critically exculpatory (*see Chambers v Mississippi*, 410 US 284 [1973]; *People v Robinson*, 89 NY2d 648, 654 [1997]; *People v Burns*, 18 AD3d 397 [2005], *affd* 6 NY3d 793 [2006]). We note that the court permitted defendant to use the nonhearsay aspects of the videotape to support his defense.

We have considered and rejected defendant's ineffective assistance of counsel claims (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Clark, JJ.