■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAISHA SMITH, Appellant. [30 NYS3d 267]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered February 29, 2012, convicting her of assault in the first degree (two counts), assault in the second degree (three counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant preserved for appellate review her contention that the evidence was legally insufficient to establish that she committed assault in the first degree and assault in the second degree as to one victim, partially preserved for appellate review her contention that the evidence was legally insufficient to establish that she committed assault in the second degree as to another victim, and failed to preserve for appellate review her contentions that the evidence was legally insufficient to establish that she committed assault in the second degree as to the third victim, and that the third victim suffered physical injury (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Gray*, 86 NY2d 10 [1995]; *People v Edwards*, 81 AD3d 848 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree and assault in the second degree as to the first victim, assault in the second degree as to the second victim, and assault in the second degree as to the third victim. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdicts of guilt as to those crimes were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

We have no basis upon which to consider any arguments in

an as-yet to be filed brief of a codefendant. Dillon, J.P., Austin, Maltese and Barros, JJ., concur.