■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BAUGHT, Appellant. [28 NYS3d 903]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered August 12, 2014, convicting him of attempted assault in the second degree and criminal contempt in the second degree (seven counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt of attempted assault in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt of that crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court properly admitted into evidence, as an excited utterance, his mother's statement to a police officer accusing him of assaulting her and the admission of the statement did not violate his right to confrontation. The circumstances surrounding the mother's statement and her advanced age warrant the conclusion that the statement was not made "under the impetus of studied reflection" (*People v Edwards*, 47 NY2d 493, 497 [1979]), and the statement was nontestimonial in nature because it was made spontaneously and was not the result of police interrogation (*see People v Johnson*, 66 AD3d 703 [2009]; *People v Medina*, 53 AD3d 1046 [2008]; *People v Gantt*, 48 AD3d 59, 70 [2007]; *People v Rivera*, 8 AD3d 53 [2004]; *see also Crawford v Washington*, 541 US 36, 51 [2004]; *cf. People v Porco*, 71 AD3d 791 [2010], *affd* 17 NY3d 877 [2011]).

The defendant's contention that the Supreme Court erred in failing to completely redact from his mother's medical records

her account of her injuries and her claim that her assailant was her son is without merit. These statements were properly admitted pursuant to the business records exception to the hearsay rule (see CPLR 4518), because they were relevant to the diagnosis and treatment of the victim's injuries, and likely were relied upon by hospital personnel in developing a discharge plan to ensure her safety (see *People v Ortega*, 15 NY3d 610 [2010]; *Williams v Alexander*, 309 NY 283, 288 [1955]; *People v Greenlee*, 70 AD3d 966 [2010]; *People v Dagoberto*, 16 AD3d 595 [2005]; *People v Goode*, 179 AD2d 676 [1992]).

The defendant's contention that his trial counsel's failure to preserve certain claims for appellate review constituted ineffective assistance of counsel is without merit (see *People v Stultz*, 2 NY3d 277, 287 [2004]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Austin, Miller and LaSalle, JJ., concur.