Clark, J.
Appeals from two orders of the Family Court of Columbia County (Koweek, J.), entered February 8, 2016, which, among other things, granted petitioner’s applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent John E. (hereinafter the father) is the father of three children (born in 2007, 2008 and 2014), the youngest of whom resided with him and the child’s mother, respondent Courtney F. The father’s other two children resided with their mother, but had weekend visitation with the father at his residence. In January 2015, following allegations of extreme drug use by the father and Courtney F., petitioner temporarily removed the youngest child from their care on an emergency basis. Shortly thereafter, petitioner commenced these neglect proceedings alleging that, due to his ongoing abuse of illegal drugs and failure to regularly and voluntarily engage in a drug *1198 rehabilitation program, the father was unable to provide the children with proper supervision and guardianship. Following a fact-finding hearing, at which medical records pertaining to the father’s substance abuse treatment were admitted into evidence, Family Court found that the father had neglected the children. The parties subsequently agreed to a permanency plan that contemplated the return of the youngest child to the care and custody of the father after he successfully treated his addictions. The father appeals from the orders of fact-finding and disposition entered upon the finding of neglect.
At the outset, the father challenges the admissibility of his hospital records, arguing that Family Court should not have admitted the records without testimony to aid it in differentiating between entries that were relevant to his treatment and diagnosis and those that were not. Pursuant to Family Ct Act § 1046 (a) (iv), when hospital records are offered to prove a “condition, act, transaction, occurrence or event relating to . . . child [ren] in an abuse or neglect proceeding,” such records “shall be admissible” for that purpose, provided that they were “made in the regular course of the business of any hospital ... at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter” (see CPLR 4518 [a]). Generally, if statements made to hospital personnel are relevant to a patient’s diagnosis and treatment, the recording of such statements falls within the regular course of the hospital’s business (see Williams v Alexander, 309 NY 283, 288 [1955]; Matter of Commissioner of Social Servs. of City of N.Y. v Ligia K., 207 AD2d 488, 488-489 [1994]). Here, while Family Court admitted the entirety of the father’s hospital records into evidence without any testimony as to which portions of the records were germane to the father’s diagnosis, and treatment, it relied on only those portions of the hospital records that recorded the father’s admissions regarding his drug use. Under the circumstances of this case, it is beyond question that the father’s admissions of drug use, including the particular drugs used, the amount used and the frequency with which he used them, were relevant to a diagnosis of drug addiction and detoxification treatment and, thus, it was in the regular course of the hospital’s business to record such statements. Accordingly, inasmuch as the portions of the medical records relied on by Family Court were admissible under Family Ct Act § 1046 (a) (iv), any error in admitting any inadmissible portions of the hospital records was inconsequential (see Matter of Alyshia M.R., 53 AD3d 1060, 1061 [2008], lv denied 11 NY3d 707 [2008]; Matter of Saffert, 57 AD2d 758, 758 [1977], lv denied 42 NY2d 806 [1977]).
*1199 As to the merits, “[p]roof that a parent repeatedly abuses drugs or alcohol constitutes prima facie evidence of neglect, except ‘when such person is voluntarily and regularly participating in a recognized rehabilitative program’ ” (Matter of Amber DD., 26 AD3d 689, 690 [2006], quoting Family Ct Act § 1046 [a] [iii]; see Family Ct Act § 1012 [f] [i] [B]). Once the petitioner has proven drug abuse, thereby giving rise to a presumption of neglect, there is no required showing “ ‘of specific parental conduct vis-á-vis the child and neither actual impairment nor specific risk of impairment need be established’” (Matter of Paolo W., 56 AD3d 966, 967 [2008], lv dismissed 12 NY3d 747 [2009], quoting Matter of Stefanel Tyesha C., 157 AD2d 322, 328 [1990], appeal dismissed 76 NY2d 1006 [1990]; see Matter of Jillian B. [Brad D.], 133 AD3d 1131, 1132 [2015]).
Here, the evidence presented by petitioner consisted of the father’s medical records, as well as caseworker testimony. The medical records demonstrated that, in January 2015 and again in April 2015, the father sought admission to the hospital for detoxification and treatment relating to his ongoing use of heroin, marihuana and other drugs. At the time of his January 2015 hospital admission, the father reported, among other things, that he used between 30 and 40 bags of heroin a day and that he was experiencing symptoms of withdrawal since his last use the day before. At the time of his April 2015 hospital visit, roughly three months after the commencement of these proceedings, the father reported using, along with other drugs, 5 to 10 bags of heroin daily, with his last use being one day prior. By submitting evidence of the father’s ongoing, substantial drug use at the time of the filing of the neglect petitions, as well as his continued use of significant, albeit lesser, amounts of heroin three months later,* petitioner established a prima facie case of neglect pursuant to Family Ct Act § 1046 (a) (iii) (see Matter of Madison PP. [Tina QQ.], 88 AD3d 1102, 1103 [2011], lv denied 18 NY3d 802 [2011]; Matter of Paolo W., 56 AD3d at 967).
The father, who did not offer any proof at the hearing, failed to rebut the presumption of neglect. While the father’s hospital records included some indications that, prior to his hospital admission in January 2015, he had engaged in drug rehabilitative programs, he offered no evidence to establish that he was *1200 voluntarily and regularly engaged in a drug rehabilitative treatment program during the relevant time period (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [a] [iii]; Matter of Nyheem E. [Jamila G.], 134 AD3d 517, 519 [2015]; Matter of Jillian B. [Brad D.], 133 AD3d at 1132). Despite record evidence that the father’s home was clean, safe and appropriate, the presumption of neglect that arises under Family Ct Act § 1046 (a) (iii) cannot be rebutted by evidence that the children were well cared for and not in danger (see Matter of Arthur S. [Rose S.], 68 AD3d 1123, 1124 [2009]; Matter of Paolo W., 56 AD3d at. 967-968). Accordingly, as Family Court’s finding of neglect is supported by a preponderance of the record evidence (see Family Ct Act § 1046 [b] [i]), we will not disturb it.
McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.
Ordered that the orders are affirmed, without costs.

 Evidence of drug use that postdates the filing of a neglect petition may properly form the basis of a finding of neglect (see Matter of Kasiana UU. [Ricki TT.], 129 AD3d 1150, 1151 [2015]; Matter of Jessica FF, 211 AD2d 948, 950 [1995]).