THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW ATKINSON, Appellant. [55 NYS3d 95]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cyrulnik, J.), rendered October 30, 2013, convicting him of assault in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the early morning hours of July 7, 2012, a shooting took place outside of an apartment building in the Brownsville section of Brooklyn. The defendant and two others were present at the time of the shooting, having visited a person who had accused them of stealing her engagement ring. At trial, that person's stepfather testified that during a heated dispute in front of the apartment building, the defendant shot him and another person whom he named. The defendant denied being the shooter. Of the known eyewitnesses to the incident, only the stepfather testified at trial regarding the incident.

The defendant's argument that the Supreme Court deprived him of due process by precluding certain hearsay evidence is unpreserved for appellate review, because he did not raise it before the court (see CPL 470.05 [2]; People v Lane, 7 NY3d 888, 888 [2006]; People v Elliot, 127 AD3d 779, 780 [2015]; People v Maynard, 108 AD3d 781, 781 [2013]). In any event, despite the defendant's contentions to the contrary, the two hearsay statements he sought to introduce into evidence did not "possess sufficient indicia of reliability" to warrant admission (People v Maynard, 108 AD3d at 781; see People v Burns, 6 NY3d 793, 795 [2006]; People v Fields, 89 AD3d 861, 862 [2011]; People v Esteves, 152 AD2d 406, 414 [1989]).

In his pro se supplemental brief, the defendant argues that the Supreme Court violated his due process rights when it denied his request for a missing witness charge with respect to the person who had accused the defendant and his companions of stealing her engagement ring, and by failing to allow defense counsel to cross-examine her. He also argues that the court violated his right of confrontation by failing to conduct an in camera examination of that person. These constitutional claims are unpreserved for appellate review, because the defendant did not raise them before the court (see CPL 470.05 [2]; People v Lane, 7 NY3d at 888; People v Elliot, 127 AD3d at 780; People v Maynard, 108 AD3d at 781). In any event, they are without

merit. The court properly denied the defendant's request for a missing witness charge with respect to that person, because she would not have been expected to testify favorably to the People based upon her identification of a filler in a lineup, and based upon her adamant refusal to testify on the People's behalf after she was brought to court pursuant to a material witness order (*see People v Greene*, 87 AD3d 551, 552 [2011]; *People v Marino*, 21 AD3d 430, 432-433 [2005]; *People v Bryant*, 11 AD3d 630, 631 [2004]). Further, the court did not deprive the defendant of his right to cross-examine that person, as she did not testify for the People on direct examination. Moreover, there was no reason for the court to conduct an in camera examination of her to verify the prosecutor's representation that she refused to testify, or to try to ascertain why she would not cooperate with the People, especially since the court was justified in relying upon the prosecutor's representations in this regard (*see Matter of Sachs*, 169 App Div 622, 625 [1915]).

Finally, notwithstanding the defendant's contentions to the contrary, raised in his pro se supplemental brief, he was not deprived of the effective assistance of counsel due to counsel's failure to move to dismiss the count of assault in the second degree with respect to the nontestifying victim, or for failing to object to the introduction into evidence of that victim's medical records. The testimony of the stepfather, who was shot at the same time as the other victim, combined with the other victim's medical records, was sufficient to support the conviction of assault in the second degree (*see People v Callistro*, 146 AD3d 795 [2017]; *People v Smith*, 138 AD3d 1038 [2016]). Moreover, the medical records were properly admitted into evidence pursuant to the business records exception to the hearsay rule (*see* CPLR 4518), because they were relevant to the diagnosis and treatment of the victim's injuries, and likely were relied upon by hospital personnel in developing a discharge plan to ensure his safety (*see People v Ortega*, 15 NY3d 610, 617 [2010]; *People v Baught*, 138 AD3d 1129, 1130 [2016]; *People v Jaikaran*, 95 AD3d 903, 904 [2012]).

The defendant's remaining contention, raised in his pro se supplemental brief, is without merit. Dillon, J.P., Roman, Cohen and Miller, JJ., concur.