Matter of Christopher D. B. (Lorraine H.) (2018 NY Slip Op 00550)





Matter of Christopher D. B. (Lorraine H.)


2018 NY Slip Op 00550


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-09222
2016-10192
2016-12712
 (Docket Nos. N-32408-14, N-32409-14, N-32410-14)

[*1]In the Matter of Christopher D. B. (Anonymous). Administration for Children's Services, appellant- respondent; Lorraine H. (Anonymous), et al., respondents-appellants. (Proceeding No. 1)
In the Matter of Ava B. (Anonymous). Administration for Children's Services, appellant- respondent; Lorraine H. (Anonymous), et al., respondents-appellants. (Proceeding No. 2)
In the Matter of Eric B. (Anonymous). Administration for Children's Services, appellant- respondent; Lorraine H. (Anonymous), et al., respondents-appellants. (Proceeding No. 3)


Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Fay Ng of counsel), for appellant-respondent.
Cindy J. Mendelson (Diamond and Diamond LLC, Brooklyn, NY [Stuart Diamond], of counsel), for respondent-appellant Lorraine H.
Richard A. Medina, New York, NY, for respondent-appellant Christopher B.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Marcia Egger of counsel), attorney for the children.



DECISION & ORDER
Appeal and cross appeals from a corrected order of fact-finding of the Family Court, Kings County (Jeanette Ruiz, J.), dated July 26, 2016, appeal from an order of disposition of that court (Lillian Wan, J.) dated September 22, 2016, and appeal and cross appeal from an order of disposition of that court (Lillian Wan, J.) dated September 28, 2016. The corrected order of fact-finding, insofar as appealed from, after a fact-finding hearing and upon a finding that the petitioner failed to establish that the father and the mother neglected the children Christopher D. B. and Ava B., dismissed the amended petitions relating to those children. The corrected order of fact-finding, insofar as cross-appealed from, after the fact-finding hearing, found that the father and [*2]the mother neglected the child Eric B. The order of disposition dated September 22, 2016, upon the mother's consent, inter alia, placed the mother under the supervision of a child protective services agency for a period of six months. The order of disposition dated September 28, 2016, insofar as appealed from, after a dispositional hearing, directed the issuance of a limited order of protection against the father which failed to require him to stay away from the family home. The order of disposition dated September 28, 2016, insofar as cross-appealed from, placed the father under the supervision of a child protective services agency for a period of six months and directed the issuance of a limited order of protection against the father.
ORDERED that the cross appeals from the corrected order of fact-finding are dismissed, without costs or disbursements, as the portions of the corrected order of fact-finding cross-appealed from were superseded by the orders of disposition dated September 22, 2016, and September 28, 2016, respectively, and are brought up for review on the mother's appeal from the order of disposition dated September 22, 2016, and the father's cross appeal from the order of disposition dated September 28, 2016; and it is further,
ORDERED that the appeal from so much of the order of disposition dated September 22, 2016, as placed the mother under the supervision of a child protective services agency for a period of six months is dismissed, without costs or disbursements, as no appeal lies from an order entered on the consent of the appealing party, and on the further ground that the appeal is academic, as the period of supervision has expired; and it is further,
ORDERED that the cross appeal from so much of the order of disposition dated September 28, 2016, as placed the father under the supervision of a child protective services agency for a period of six months and directed the issuance of a limited order of protection against the father is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the corrected order of fact-finding is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order of disposition dated September 22, 2016, is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order of disposition dated September 28, 2016, is affirmed insofar as appealed from and insofar as reviewed on the cross appeal, without costs or disbursements.
The petitioner filed three petitions alleging, inter alia, that the father neglected the subject children by engaging in acts of domestic violence against the mother in the presence of the children. The petitions also alleged that the mother neglected the children by failing to provide them with proper supervision or guardianship in failing to take measures to have the father removed from the home. The petitions were later amended to include, among other things, an additional alleged act of domestic violence. After a fact-finding hearing, the Family Court found that the petitioner failed to establish that the father and the mother neglected the two oldest children, Christopher and Ava, and dismissed the amended petitions relating to those two children. However, the court found that both the father and the mother had neglected the youngest child, Eric. The petitioner appeals from so much of a corrected order of fact-finding dated July 26, 2016, as dismissed the amended petitions relating to Christopher and Ava. The father and the mother separately cross-appeal from so much of the corrected order of fact-finding as found that each had neglected Eric.
At a dispositional hearing, all parties consented to Eric being released to the mother's custody, with certain conditions. In an order of disposition dated September 22, 2016, the Family Court released Eric to the mother's custody and placed her under the supervision of a child protective services agency for a period of six months. The mother appeals from the order of disposition dated September 22, 2016.
As to the father, after the dispositional hearing, the Family Court denied the petitioner's request that an order of protection be issued which would require him to stay away from [*3]the family home. In an order of disposition dated September 28, 2016, the court, inter alia, placed the father under the supervision of a child protective services agency for a period of six months and directed the issuance of a limited order of protection requiring the father to refrain from committing any criminal offense against the mother and Eric. The petitioner appeals from so much of the order of disposition dated September 28, 2016, as directed the issuance of a limited order of protection which failed to require the father to stay away from the family home, and the father cross-appeals from that order of disposition.
Contrary to the father's contention, the Family Court properly found that he neglected Eric by engaging in acts of domestic violence in Eric's presence that impaired, or created an imminent danger of impairing, Eric's physical, mental, or emotional condition (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 371; Matter of Amelia V.M.B. [Davidson B.], 107 AD3d 980; Matter of Ajay Sumert D. [Vijay Anand D.], 87 AD3d 637, 638; Matter of Kiara C. [David C.], 85 AD3d 1025, 1026; Matter of Xavier II., 58 AD3d 898, 899). The evidence established that the father pushed the mother while she was holding Eric, who was approximately 10 months old at the time, causing both her and Eric to fall, thereby creating an imminent risk of impairing Eric's physical, mental, or emotional condition. Moreover, the court providently exercised its discretion in drawing a negative inference against the father, who did not testify (see Matter of Zaire D. [Benellie R.], 90 AD3d 923; Matter of Nicole H., 12 AD3d 182, 183).
The Family Court properly reopened the fact-finding hearing to admit Eric's hospital record into evidence (see Sweet v Rios, 113 AD3d 750, 752). The hospital record was properly certified and contained the requisite delegation of authority (see Family Ct Act § 1046[a][iv]). Moreover, the statements in the hospital record as to how Eric fell were properly admitted pursuant to the business records exception to the hearsay rule, because they were relevant to the diagnosis and treatment of Eric's injuries, and likely were relied upon by hospital personnel in developing a discharge plan to ensure his safety (see People v Ortega, 15 NY3d 610, 617-618; People v Atkinson, 150 AD3d 870, 871; People v Baught, 138 AD3d 1129, 1129-1130; People v Greenlee, 70 AD3d 966, 967). Contrary to the father's contention, the fact that the statements were made by the mother and not the 10-month-old child is of no consequence (see Matter of Commissioner of Social Servs. of City of N.Y. v Ligia K., 207 AD2d 488, 488-489; U.S. v Yazzie, 59 F3d 807, 813-814 [9th Cir]).
The finding that the mother neglected Eric was supported by a preponderance of the evidence. There was a history of police being called to the family home. At the fact-finding hearing, when the mother was asked about statements she had made to the police, she either testified that she did not remember making the statements or invoked her right to remain silent. She did not even recall bringing Eric to the hospital to be treated for head trauma as a result of the fall. Under these circumstances, the record supports the Family Court's finding that Eric's physical, mental, or emotional condition was in imminent danger of being harmed as a result of the mother's failure to exercise a minimum degree of care (see Matter of Anthony S. [Dawn N.], 98 AD3d 519, 520; Matter of Shalyse WW., 63 AD3d 1193, 1196; Matter of Xavier II., 58 AD3d at 900; Matter of Angelique L., 42 AD3d 569, 571-572; Matter of Christopher B., 26 AD3d 431, 432).
Additionally, the Family Court properly dismissed the amended petitions alleging that the father and the mother neglected Christopher and Ava. There was no evidence that these children witnessed any domestic violence incident, or that their emotional condition was impaired or placed in imminent danger of impairment (see Matter of Kiana M.-M. [Robert M.], 123 AD3d 720, 721; Matter of Daphne G., 308 AD2d 132, 135). Further, the petitioner did not allege in the petitions that the father and the mother derivatively neglected these two children (see Matter of Latifah C., 34 AD3d 798, 800).
The mother is not aggrieved by so much of the order of disposition dated September 22, 2016, as placed her under the supervision of a child protective services agency for a period of six months because she consented to the disposition. Therefore, her appeal from that portion of the order of disposition dated September 22, 2016, must be dismissed (see CPLR 5511; Matter of Beverly R., 38 AD3d 668, 669). In addition, her appeal from that portion of the order of disposition dated September 22, 2016, must be dismissed as academic, as that potion of the order has expired by its own terms.
The father's cross appeal from so much of the order of disposition dated September 28, 2016, as placed him under the supervision of a child protective services agency for a period of six months and directed the issuance of a limited order of protection against him must be dismissed as academic, because that portion of the order of disposition has expired by its own terms (see Matter of Angie G. [Jose D.G.], 111 AD3d 404, 405; Matter of Chaim R. [Keturah Ponce R.], 94 AD3d 1127, 1129; Matter of Jeffrey Raymond D., 3 AD3d 568, 569; Matter of Jamie J., 209 AD2d 896, 898).
The petitioner's remaining contention is without merit.
RIVERA, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court