*273 Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered June 8, 2006, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
The court properly exercised its discretion in precluding defendant from introducing a prosecution witness’s testimony about an alleged declaration against penal interest made by a codefendant (see People v Settles, 46 NY2d 154, 167-170 [1978]). In this felony murder case, the People’s evidence established that defendant personally committed the homicidal act while aided by two codefendants, each of whom pleaded guilty. Defendant sought to introduce a vague statement made by one of the codefendants that contained an indirect suggestion that this co-defendant, rather than defendant, may have been the person who shot the victim.
Unavailability of the declarant is a prerequisite for admissibility of a declaration against penal interest (id. at 167). Under the circumstances of the case, it cannot be assumed that the codefendant’s testimony was unavailable to defendant by virtue of the codefendant’s Fifth Amendment privilege. When he pleaded guilty shortly before defendant’s trial, the codefendant agreed to testify for the prosecution. However, the codefendant was not called as a witness by either side at defendant’s trial, and he never invoked his right against self-incrimination. There is no indication in the record that the codefendant either personally, or through his attorney, ever expressed an intent to invoke his privilege; instead, the codefendant’s attorney told defendant’s attorney that the codefendant would deny making the statement at issue and would “absolutely” testify that it was defendant who fired the fatal shot. The prospect that a witness’s testimony would be damaging does not satisfy the requirement of unavailability. The statement also fell far short of satisfying the reliability requirement for introduction of a declaration against penal interest (see People v Shortridge, 65 NY2d 309 [1985]).
The court properly rejected defendant’s argument that his constitutional right to present a defense required admission of *274 the declaration (see Chambers v Mississippi, 410 US 284 [1973]; People v Robinson, 89 NY2d 648, 654 [1997]; People v Burns, 18 AD3d 397 [2005], affd 6 NY3d 793 [2006]). This evidence was neither reliable nor critical to establish any defense. To establish the affirmative defense to felony murder set forth in Penal Law § 125.25 (3), defendant would have had to prove by a preponderance of the evidence that he did not commit the homicidal act, as well as proving a series of other elements. There is no reason to believe that the cryptic declaration at issue would have had any likelihood of establishing the affirmative defense, or undermining, in any other manner, the evidence establishing that defendant committed felony murder. In any event, in view of the overwhelming evidence of defendant’s guilt, any error in excluding the declaration was harmless under the standards for both constitutional and nonconstitutional error (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant’s challenges to the People’s introduction of an excited utterance are without merit (see People v Buie, 86 NY2d 501, 506 [1995]; People v Caviness, 38 NY2d 227, 232 [1975]). Concur—Tom, J.P, Moskowitz, Acosta and Freedman, JJ.