[999 NE2d 504, 977 NYS2d 141]

The People of the State of New York, Respondent, v Omar Shabazz, Appellant.

The People of the State of New York, Respondent, v Donald Perrington, Appellant.

Argued September 4, 2013; decided October 15, 2013

## APPEARANCES OF COUNSEL

*Robert S. Dean, Center for Appellate Litigation*, New York City (*Barbara Zolot* of counsel), for appellant in the first above-entitled action.

*David K. Bertan*, Bronx, for appellant in the second above-entitled action.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Susan Gliner* and *Britta Gilmore* of counsel), for respondent in the first and second above-entitled actions.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and a new trial ordered.

Defendants and a female codefendant were passengers in an automobile that was stopped by the police. All the occupants were charged with second-degree weapon possession after the officers observed a loaded handgun protruding from a handbag near the rear seat of the vehicle where the woman had been sitting.

During the course of pretrial proceedings, the female codefendant had a conversation with Perrington's lawyer in which she stated that the gun belonged to her. At her separate trial, however, the woman testified that the firearm was not hers and she was acquitted of weapon possession.

Defendants were tried jointly and they requested that Perrington's (now-former) attorney be allowed to testify about the female codefendant's acknowledgment of gun ownership under the declaration against penal interest exception to the hearsay rule. Supreme Court held that the statement was inadmissible because the woman's unavailability had not been proven and the statement lacked reliability. Defendants were subsequently convicted of second-degree weapon possession. The Appellate Division affirmed (89 AD3d 529 [1st Dept 2011]) and a Judge of this Court granted leave to appeal (19 NY3d 1000, 1001 [2012]).

We now reverse. The declaration against penal interest exception to the hearsay rule "recognizes the general reliability of such statements . . . because normally people do not make statements damaging to themselves unless they are true" (*People v Brensic*, 70 NY2d 9, 14 [1987]; *see e.g. People v Maerling*, 46 NY2d 289, 297 [1978]). The exception has four components: (1) the declarant must be unavailable to testify by reason of death, absence from the jurisdiction or refusal to testify on constitutional grounds; (2) the declarant must be aware at the time the statement is made that it is contrary to penal interest; (3) the declarant must have competent knowledge of the underlying facts; and (4) there must be sufficient proof independent of the utterance to assure its reliability (*see e.g. People v Brensic*, 70 NY2d at 15; *People v Settles*, 46 NY2d 154, 167 [1978]). The fourth factor is the "most important" aspect of the exception (*People v Thomas*, 68 NY2d 194, 200 [1986]). Assuming that the other elements are satisfied, such statements can be admissible if there is "a reasonable possibility that the statement might be true" (*People v Settles*, 46 NY2d at 169-170).

We conclude that the courts below erred by focusing on the inconsistency between the female codefendant's trial testimony and her pretrial statement to Perrington's lawyer. Knowledge that a declaration is against penal interests must be assessed "at the time" it was made (*People v Osorio*, 75 NY2d 80, 86 [1989]), and later recantations generally affect the weight and credibility that a factfinder should ascribe to the statement. Applying this legal standard, there was adequate evidence to establish admissibility under the particular facts of this case: the handgun was found in a handbag located in the rear of the automobile directly adjacent to the female codefendant; she was the only woman in the vehicle; and the circumstances under which the utterance was declared make it clear that the statement

was against her interests. Contrary to the dissent's contention, there was also sufficient proof that the woman was not available to testify. Finally, the exclusion of the statement cannot be deemed harmless because the People's case was not overwhelming. Defendants are therefore entitled to a new trial.

PIGOTT, J. (dissenting). The trial court and the Appellate Division (89 AD3d 529 [1st Dept 2011]) concluded that defendants failed to establish the female codefendant's unavailability or confirm the reliability of her statement with competent independent evidence. These are the first and fourth elements of the declaration against penal interest exception (*People v Settles*, 46 NY2d 154, 167 [1978]). The majority memorandum omits any analysis concerning defendants' failure to meet the first element of that test, which, in my view, is dispositive. Therefore, I respectfully dissent.

Originally, the female codefendant was to be tried with the defendants in this case. Once her lawyer advised the court that she would testify adversely to the defendants, her case was severed. At her trial, which was held before the trial of these defendants, the female codefendant testified that the gun was *not* hers. She was acquitted of the sole weapons possession count.

At their joint trial, defendants sought to introduce, through Perrington's former counsel, the female codefendant's statement that the gun belonged to her. The court stated that the "big hurdle" was the female codefendant's unavailability and that she was "the best person" from whom the statement could be elicited. The court told defense counsel that if they wanted the female codefendant to testify, they should "reach out to her and have her come in," or at least make a showing that they tried to locate her. But defense counsel failed to make any showing that the female codefendant was unavailable. In fact, when asked by the court if the defense wanted the female codefendant to testify that the gun was hers, counsel responded, "No, I don't. She will testify the other way, because she's already testified to that." Plainly, defense counsel did not want the female codefendant to testify, and would have rather had the statement come in through defendant Perrington's former counsel. The trial court eventually concluded that it "can't help but think that there is some advantage to the defense here by having her unavailable."

The majority memorandum makes the conclusory statement that "there was also sufficient proof" of the female codefendant's

unavailability (majority mem at 899), but that is not the standard by which judicial determinations concerning the admissibility of declarations against penal interest are reviewed. The trial court here considered the arguments made by the defense concerning their "efforts" to secure the female codefendant's presence and concluded, *in the proper exercise of its discretion,* that the defense did not meet its burden of establishing her unavailability (*see People v Brensic,* 70 NY2d 9, 15 [1987] [providing that the party offering the declaration against penal interest must satisfy *all* elements]; *see also People v Branham,* 59 AD3d 272, 273 [1st Dept 2009], *lv denied* 12 NY3d 814 [2009]). On this record, it could hardly be said that the trial court abused its discretion when it denied the admission of the statement on the ground that the defense failed to establish the female codefendant's unavailability. In my view, it was unnecessary for the majority to address the reliability element of the declaration against penal interest exception, and I would affirm the order of the Appellate Division.

Chief Judge LIPPMAN and Judges GRAFFEO, READ and RIVERA concur; Judge PIGOTT dissents and votes to affirm in an opinion in which Judge SMITH concurs; Judge ABDUS-SALAAM taking no part.

In each case: Order reversed and a new trial ordered, in a memorandum.