This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------

No. 206
The People &c.,
            Appellant,
         v.
Victor Soto,
            Respondent.




            Melanie A. Sarver, for appellant.
            Mark W. Zeno, for respondent.




LIPPMAN, Chief Judge:

        The central issue in this case is whether an
unavailable witness's statement to a defense investigator- that
she, not defendant, was the driver at the time of the accident
and that she fled the scene- should have been admitted as a

- 1 -

declaration against interest.  Because the witness was aware at the time she made the statement that it was against her interest, the four prongs of the test described in People v Settles (46 NY2d 154 [1978]) were met and the statement should have been admitted as a declaration against interest.

Around midnight on July 11, 2010, police officers were called to the scene of an automobile accident in the Bronx.  A witness who lived down the street from where the accident took place stated that, while he was sitting on his front porch, he saw defendant driving at 15 miles per hour up and down the block before colliding with a parked vehicle.  The witness saw no one else in the car with defendant and as the witness approached defendant's car, he found defendant in the driver's seat.  When police arrived, they detected alcohol on defendant's breath, noticed his slurred speech, and arrested defendant for driving while intoxicated.  A breath analysis test administered at the police station revealed defendant's blood alcohol level to be .22.  At the station, defendant stated, "I started drinking when I got lost.  I f----- up.  I couldn't drive for s---."

Lamar Larson, who worked with defendant as a New York City bus driver, testified at trial that he chanced upon defendant at the Pelham Bay Diner near the bus depot in the Bronx at 11:45 p.m. that same night.  Larson went to the diner to pick up something to eat for his night shift when he saw defendant in his car with a young woman inside.  The woman was in the driver's

seat and defendant was in the passenger seat.  During their brief conversation, Larson noticed that defendant was slurring his speech and was drunk.  Larson leaned into the window and said to the young woman, "make sure he gets home, please," and the woman promised that she would.  Larson saw the woman drive out of the parking lot with defendant beside her in the passenger seat.

Two weeks after the accident, a young woman by the name of Janny Hunt told defendant's investigator that she was the driver of the car at the time of the accident.  Hunt was 19 years old at the time, had no criminal history, and possessed only a learner's permit.  Hunt met defendant that day on the bus he drove and they planned to go out that night.  Defendant picked up Hunt in his car and they went to the diner at which point Hunt agreed to drive so that defendant could have a few drinks.  As they were leaving the diner, Hunt recounted meeting defendant's friend Larson in the parking lot and promising to drive defendant home safely.  On the way home, Hunt took a turn "too fast" and hit the parked car.  Defendant yelled and cursed at Hunt, who "got scared" because "[i]t was late" and her "parents didn't know [she] was out with [defendant]."  Hunt "said to [defendant] 'I have to go, I'm sorry.  I can't talk to you now.'"  According to Hunt, "[defendant] was busy looking at his car and he waved [her] to leave."  Hunt took a cab home.  About a week later, Hunt ran across defendant on the bus and he told her that he had been arrested because they thought he had been driving the car.  She

agreed to assist him.

While Janny Hunt recounted the events leading up to the accident, the investigator took notes. After the conversation, the investigator asked Hunt if she would sign the notes as her own words.[1] Hunt then expressed concern that "she would potentially get in trouble for the things she was saying" about the accident. She "was concerned about her parents . . . finding out about the accident because she was in the car" and "wasn't driving her own car." According to the investigator, Hunt asked "again and again" if the investigator was a lawyer, and asked to be put in touch with a lawyer when the investigator could not answer Hunt's questions. The investigator did not tell Hunt "anything about the specific trouble she might get into." Despite her concerns, Hunt reviewed and signed the written statement.

When trial commenced, defense counsel indicated that he would call Hunt as a witness. Because her testimony could qualify as an admission to leaving the scene of an accident and traffic violations, the court appointed an attorney for Hunt. Defense counsel asked the People to grant Hunt immunity should she invoke her right to remain silent, a request the People refused. After the close of the People's case, Hunt's attorney invoked the Fifth Amendment on her behalf. After being refused

---

[1]The majority of the Appellate Division so found, based upon the investigator's direct testimony.

immunity, defense counsel moved to dismiss the case.  The court denied the motion.

Defense counsel then requested that Hunt's statement be admitted as a declaration against interest.  The court ordered a hearing outside the presence of the jury, at which the investigator who took Hunt's statement testified.  Following the hearing, the court remarked that whether a statement may be admitted as a declaration against interest "depends upon the assurance of reliability that comes from the person's awareness that what they are saying could get them in trouble [with] the law."  The court "[did] not believe that [Hunt], either at the time she made it or even immediately following, assuming that that's considered contemporaneous, was aware that her declarations could expose her to prosecution for a traffic offense."  Finding that the declarant did not give "any expression of that awareness until after the statement [was] given," the court concluded that the statement was inadmissible as a declaration against interest.  The court further held that "the interest which the declaration compromises must be one of sufficient magnitude or consequence to the declarant to all but rule out any motive to falsify," relying on People v Maerling (46 NY2d 289, 298 [1978]), and determined that Hunt's minor violation, in contravention of Vehicle and Traffic Law § 600, did not qualify.

The jury convicted defendant of aggravated driving

while intoxicated and driving while intoxicated.  The Appellate Division reversed and ordered a new trial, holding that the declarant's "expressions, at the time of or immediately after her statement, of apprehension that she could get in trouble for her conduct, including repeated inquiries about consulting with a lawyer, sufficed to satisfy the requirement that 'the declarant must be aware at the time of its making that the statement was contrary to his [or her] penal interest'" (113 AD3d 153, 161 [2013]).  Other evidence assured the reliability of Hunt's declaration inasmuch as Larson testified to seeing Hunt driving defendant home 15 minutes before the accident.

The dissenters would have affirmed the conviction on the basis that Hunt was not aware, at the time she made the declaration to the investigator, that her statement "was adverse to her penal interest" and "the statement was not sufficiently reliable" (113 AD3d at 162-163 [Clark, J. dissenting]).  The dissenters also found the statement untrustworthy because "it involves the potential exposure to a minor traffic infraction and, unlike the situation where a defendant confesses to a violent crime, the penal consequences resulting from the statement are not obvious, especially to a nineteen year old with no criminal history" (id. at 164-65).  A dissenting Justice of the Appellate Division granted the People leave to appeal.

The declaration-against-interest exception to the hearsay rule "flows from the fact that a person ordinarily does

not reveal facts that are contrary to his own interest" unless those facts are true (Maerling, 46 NY2d at 295; People v Brensic, 70 NY2d 9, 14 [1987]).  A statement qualifies as a declaration against interest if four elements are met: (1) the declarant is unavailable to testify as a witness; (2) when the statement was made, the declarant was aware that it was adverse to his or her penal interest; (3) the declarant has competent knowledge of the facts underlying the statement; and (4) supporting circumstances independent of the statement itself attest to its trustworthiness and reliability (People v Settles, 46 NY2d at 167).

Here, the first and third factors are not in dispute. Hunt was unavailable to testify because she had invoked her Fifth Amendment right to remain silent, and the People refused to grant her immunity, despite defense requests.  The third factor was met because Hunt would have had direct knowledge as to whether she was driving the vehicle at the time of the accident.  The parties' arguments on appeal focus on the second and fourth elements for admissibility, namely, whether Hunt was aware that the statement was against her penal interest at the time she made it and whether the statement was sufficiently reliable.

As the Appellate Division appropriately concluded, the second factor was satisfied.  Seconds after she made the statement to the defense investigator, Hunt asked if she could get into trouble and asked for an attorney.  Only the most constricted reading of the contemporaneity requirement could

support excluding Hunt's statement.

The trial court failed to apply the proper standard when it ruled that the statement was not sufficiently against Hunt's penal interest. We have never held, as the trial court concluded, that the declaration-against-interest exception is limited to serious penal consequences. Rather, until 1970, when this Court decided People v Brown (26 NY2d 88 [1970]), the converse was true -- only declarations against pecuniary or proprietary interests were admissible. Although leaving the scene of an accident that caused property damage constitutes a mere traffic violation, there is no requirement that a statement against penal interest involve a particularly serious crime (see Basile v Huntington Utilities Fuel Corp., 60 AD2d 616, 617 [2d Dept 1977] [admitting to reckless driving sufficient]). Moreover, the record here is replete with evidence regarding Hunt's awareness of the potential criminality of her actions; Hunt verbalized her concern that she would get in "trouble" as a result of her actions of driving the vehicle during the accident and fleeing the scene, and she repeatedly requested legal advice (see People v Fields, 66 NY2d 876, 877 [1985]). That Hunt also worried how her parents would react further demonstrates her understanding of the consequences, rather than exhibiting her lack of comprehension.

The fourth factor was also satisfied because Lamar Larson's testimony corroborated Hunt's statement. In Settles,

concerned with the possibility that someone might fabricate a declaration against interest, this Court held that, before a declaration against interest is admissible, "there must be some evidence, independent of the declaration itself, which fairly tends to support the facts asserted therein" (Settles, 46 NY2d at 168). Statements offered against the defendant are "subject to more exacting standards" and are admissible only when "the interest compromised is of sufficient magnitude or consequence to the declarant to all but rule out any motive to falsify" (Brensic, 70 NY2d at 14-15 [internal quotation marks and cite omitted]).

By contrast, declarations that exculpate the defendant, as here, are subject to a more lenient standard (Brensic, 70 NY2d at 15). In such circumstances, a defendant need not show that the penal consequences to the declarant were of such magnitude that they "all but rule out any motive to falsify" (id.; Maerling, 46 NY2d at 298). Rather, "[s]upportive evidence is sufficient if it establishes a reasonable possibility that the statement might be true" (Settles at 169-170). We explained that even "[c]ircumstances of seeming indifference" that "harmonize" the statement may be sufficient to "furnish the necessary link" (id. at 169). In addition, it is irrelevant whether the court believes the statement to be true: "[i]f the proponent of the statement is able to establish this possibility of trustworthiness, it is the function of the jury alone to

determine whether the declaration is sufficient to create reasonable doubt of guilt" (id. at 170).

Larson said he saw a young woman driving defendant's car shortly before the accident occurred. That defendant was seen driving the car at the time of the accident presents a credibility issue for the jury, as this Court made clear in Settles (id.). Further, defendant and Hunt had no previous relationship that would provide Hunt with a motive to fabricate (see Brensic, 70 NY2d at 25). Under the circumstances presented here, the error was not harmless.

In light of the foregoing, we need not reach defendant-respondent's other contentions.

Accordingly, the order of the Appellate Division should be affirmed.

People v Victor Soto

No. 206

PIGOTT, J.(dissenting):

Because there is record support for trial court finding that declarant, Janny Hunt, was unaware that her statement was against her penal interest at the time it was made, I dissent and would reverse the order of the Appellate Division.

Defendant, who was employed as a city bus driver, was arrested and charged with four counts of driving while intoxicated after defendant's car struck a parked car. A witness at the scene called 911 and approached the car within seconds of the accident. At that point, the witness saw defendant "dancing" in the driver's seat with the radio turned up. Two weeks later, defendant encountered Hunt on a city bus and lamented that he had been arrested for driving while intoxicated. According to Hunt, defendant asked her if she could "help him out." Hunt agreed to do so by giving a statement to defendant's investigator. In that statement, Hunt claimed that it was she, and not defendant, who was driving defendant's car at the time of the accident.

Hunt refused to testify at trial, citing Fifth Amendment concerns. Defense counsel requested that Hunt's hearsay statement to the investigator be introduced in evidence as a declaration against penal interest. At the court's

- 1 -

direction, defense counsel called the private investigator to authenticate Hunt's statement. The investigator testified that she did not apprise Hunt of the consequences of her statement because the investigator herself was unaware of what penal consequences, if any, Hunt faced as a result of her admissions. In her statement, Hunt claimed that she left the scene of the accident because she did not want her parents to know that she was with defendant. The statement indicates that Hunt was concerned only about what her parents would think. Significantly, as the investigator's hearing testimony bears out, it was not until <u>after</u> Hunt signed her statement that she asked whether she could get in trouble for leaving the scene of the accident and reiterated her concern about her parents finding out that she was driving defendant's car.

During cross examination, the investigator testified that her conversation with Hunt followed this progression: (1) Hunt spoke generally about the accident; (2) the investigator asked if she could write it down; (3) Hunt signed the statement; and (4) after Hunt signed the statement, Hunt had some questions about what could happen to her. The investigator specifically explained that "We went over [the statement] together and she signed it. At the end, she asked me a couple of questions that I did not know how to answer. I said to her she could speak to a lawyer."

On redirect examination, the investigator testified

that "at the beginning of the statement, no she did not express any concerns. <u>They came out at the end</u>" (emphasis supplied).[1] The investigator explained that Hunt "asked if she could get into trouble for the accident" and stated that "she was concerned about her parents finding out about the accident because she was in the car. . . . <u>And just generally like how much trouble she could get into</u>" (emphasis supplied).

The trial court properly ruled that Hunt was not aware that the statement was against her penal interest at the time it was made. Our holding in <u>People v Settles</u> (46 NY2d 154 [1978]) concerning the "contemporaneous" requirement is dispositive: "when the statement [is] made the declarant <u>must</u> be aware that it [is] adverse to his [or her] penal interest" (<u>id.</u> at 167). This awareness is premised on the conclusion that any reasonable person would have known at the time the statement was made that it was against his penal interest (<u>see</u> <u>People v Thomas</u>, 68 NY2d 194, 199-200 [1986]).

Hunt admitted to committing a minor traffic infraction, i.e., leaving the scene of a property damage accident (<u>see</u> Vehicle & Traffic Law § 600 [1] [a]), while defendant, a city bus driver whose employment was in jeopardy, was facing four counts of driving while intoxicated. There is no indication from either

---

[1] This is what the dissent at the Appellate Division determined (113 AD3d 153, 163 [1st Dept 2013] [Clark, J., dissenting]), as do I. The majority at the Appellate Division -- like the majority here -- misread the transcript.

the content of Hunt's statement or the investigator's testimony that Hunt was even remotely concerned about the penal consequences of her statement. It is this "contemporaneousness" factor that renders a declaration against penal interest reliable. The trial court deemed Hunt's hearsay statement to be unreliable precisely because she was not aware of the penal consequences of her statement when it was made. In my view, there was no basis for the Appellate Division, which deemed this particular factor "more problematic" than the others (113 AD3d 153, 160 [1st Dept 2013]), to disturb the trial court's determination that Hunt's statement did not meet the contemporaneousness requirement.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed. Opinion by Chief Judge Lippman. Judges Rivera, Abdus-Salaam, Stein and Fahey concur. Judge Pigott dissents in an opinion.

Decided December 17, 2015