Ross v Lewis (2020 NY Slip Op 01461)





Ross v Lewis


2020 NY Slip Op 01461


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Renwick, J.P., Gische, Kern, Singh, JJ.


11163A 11163

[*1] Dorothy Ross, Plaintiff-Respondent,
v
Hillaire Lewis, Defendant-Appellant.


Law Office of James F. Stewart, P.C., Bellmore (James Stewart of counsel), for appellant.
Mallilo & Grossman, Flushing (Lorenzo Tasso of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered August 5, 2019, which denied defendant's motion to renew an order, same court and Justice, entered April 3, 2019, denying his motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion to renew granted, and upon renewal, defendant's motion for summary judgment is granted. The Clerk is directed to enter judgment dismissing the complaint. Appeal from the April 3, 2019 order, unanimously dismissed, without costs, as academic.
Plaintiff slipped and fell on snow and ice on the steps in front of her residence, which was owned by defendant. She testified that she fell at 8 a.m. on January 24, 2016, after a record snowfall of approximately 27 inches in New York City.
Defendant contends that he was relieved of liability for plaintiff's injuries because of the storm-in-progress rule.
The duty of a landowner to take reasonable measures to remedy a dangerous condition caused by a storm is suspended while the storm is in progress, and does not commence until a reasonable time after the storm has ended (see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005]).
It was undisputed that the snow continued to fall, albeit in trace amounts, until 2:30 a.m. at the earliest, five and a half hours before the accident. The weather records and defendant's expert's affidavit, once presented in admissible form, indicated that it was snowing in more than trace amounts until 11 p.m. on January 23, 2016, and in trace amounts thereafter. Thus, a reasonable period of time to correct the snow and ice condition on the steps had not yet elapsed at the time of the accident, given the blizzard conditions.
Plaintiff asserts that the weather data was not in admissible form on defendant's initial motion. However, the court in its discretion may grant renewal in the interest of justice, upon facts known to the movant at the time of the original motion so as not to "defeat substantive fairness" (see Rancho Santa Fe Assn. v Dolan-King, 36 AD3d 460, 461 [1st Dept 2007]). Here, the court improvidently exercised its discretion upon renewal in failing to consider the weather data, in that the charts were identical to the data submitted in connection with the initial motion and plaintiff did not challenge the information or authenticity of the data contained in the charts.
Plaintiff contends that, regardless of whether defendant was required to remove the snow at an earlier time, his efforts, as depicted in a photograph, exacerbated the dangerous condition. [*2]However, the photograph is too unclear to raise a triable issue of fact as to this speculative claim.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK