Global Liberty Ins. Co. v Laruenceau (2020 NY Slip Op 05851)





Global Liberty Ins. Co. v Laruenceau


2020 NY Slip Op 05851


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Kapnick, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 300062/15 Appeal No. 12111 Case No. 2019-04968 

[*1]Global Liberty Insurance Company, Plaintiff-Appellant,
v
Gabriel Laruenceau, et al., Defendants, Longevity Medical Supply, Inc., et al., Defendants-Respondents.


The Law Office Jason Tenenbaum, P.C., Garden City (Jason Tenenbaum of counsel), for appellant.
The Law Office of Melissa Betancourt, P.C., Brooklyn (Jamin Koo of counsel), for Longevity Medical Supply Inc., respondent.
Kopelevich & Feldsherova, P.C., Brooklyn (David Landfair of counsel), for Jamaica Wellness Medical, P.C., and LVOV Acupuncture, P.C., respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about September 30, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to renew its motion for summary judgment declaring in its favor against defendants Longevity Medical Supply, Inc., Jamaica Wellness Medical, P.C., United Wellness Chiropractic, P.C., and Lvov Acupuncture, P.C., unanimously reversed, on the law, without costs, the motion for renewal granted and, upon renewal, the motion for summary judgment granted. The Clerk is directed to enter judgment declaring that plaintiff owes no coverage to said defendants.
Plaintiff provided a policy of insurance to VIP Limousine & Tuxedo, Inc. (VIP) that included a no-fault endorsement to an insured or eligible person for necessary expenses resulting from a motor vehicle accident. In April 2014, one of VIP's limousines was hit in the rear by another car. Thereafter, the driver and passengers of the limousine (the individual defendants) filed claims as eligible persons under the policy issued by plaintiff, and later assigned their rights to the no-fault benefits to various medical providers (medical provider defendants).
Plaintiff moved for summary judgment, asserting that the accident was staged and therefore, none of the individual defendants or the medical provider defendants were entitled to benefits under the policy. Supreme Court denied the motion, finding that plaintiff failed to demonstrate as a matter of law that the accident was fraudulently or intentionally procured.
Plaintiff moved to renew its prior motion for summary judgment. In support of its motion to renew, plaintiff submitted additional evidence that the accident was staged in the form of a videotape confession by one of the passengers, which it had procured, after extensive motion practice, from the Police Department, Department of Financial Services, Insurance Fraud Bureau (DFS), and Kings County District Attorney's Office. Supreme Court denied renewal on the grounds that plaintiff failed to offer any reasonable explanation as to why the videotape could not have been attached to its prior motion, and that the videotape was not properly authenticated for purposes of summary judgment.
Plaintiff appealed. We now reverse finding that renewal should have been granted in the interests of justice and substantive fairness (see Ross v Lewis, 181 AD3d 423, 424 [1st Dept 2020]; Cruz v Bronx Lebanon Hosp. Ctr., 73 AD3d 597, 598 [1st Dept 2010]; Rancho Santa Fe Assn. v Dolan-King, 36 AD3d 460, 461 [1st Dept 2007]). "Although it is true that a motion to renew should generally be based upon newly-discovered facts, this rule is not inflexible, and the court has discretion to grant renewal in the interest of justice even upon facts that were known to the movant at the time the original motion was made" (Kaszar v Cho, 160 AD3d 501, 502 [1st Dept 2018]).
Here, plaintiff demonstrated that the additional evidence it submitted in support of its motion to renew would change the prior determination and that it was required to engage in extensive motion practice to obtain the material. Plaintiff also established that it was unaware of the nature and extent of the information held by those agencies before then (CPLR 2221[e][2], [3]). The material, which included statements by the passengers who assigned their claims to defendants, proves that the motor vehicle accident was staged (see Matter of Global Liberty Ins. Co. of N.Y. v Eveillard, 171 AD3d 749, 750-751 [2d Dept 2019]; CPLR 2221[e]).
Contrary to defendants' contentions, the videotape of the confession of one of the defendants who participated in the scheme and the statements others provided to the police and DFS are admissible as party admissions (see People v Soto, 26 NY3d 455, 461 [2015]; People v Caban, 5 NY3d 143, 150-151, n [2005]). Plaintiff demonstrated the
authenticity of this material by proof of the complete chain of custody (see People v Price, 29 NY3d 472, 481-482 [2017]).
Defendants failed to submit any evidence controverting plaintiff's proof that the accident was staged. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020