People v Smith (2023 NY Slip Op 01600)

People v Smith

2023 NY Slip Op 01600

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, MONTOUR, AND OGDEN, JJ.

49 KA 15-01369

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WENDELL D. SMITH, DEFENDANT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered July 23, 2015. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree (three counts), criminally using drug paraphernalia in the second degree (three counts) and criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and three counts of criminal possession of a controlled substance in the third degree
(§ 220.16 [1], [12]). The conviction arises from an incident in which defendant was arrested after the police executed a no-knock search warrant at his residence and found a large quantity of cocaine in the kitchen and a loaded firearm hidden in a fake fireplace on the first floor.
Defendant contends that County Court erred in denying his request to admit in evidence at trial a sworn statement from a man who claimed that the gun and drugs in question belonged to him and that defendant did not know that they were in the house. The declarant did not testify at trial and, according to the People, he recanted his statement almost immediately after he signed it in the presence of defendant and his attorney. According to defendant, the statement, although hearsay, was admissible as a declaration against penal interest. We reject defendant's contention.
"The hearsay exception for declarations against penal interest applies where (1) the declarant is unavailable to testify; (2) the declarant was aware when making the declaration that it was contrary to his or her penal interest; (3) the declarant had competent knowledge of the relevant facts; and (4) there is 'sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability' " (People v Thibodeau, 151 AD3d 1548, 1553 [4th Dept 2017], affd 31 NY3d 1155 [2018], quoting People v Brensic, 70 NY2d 9, 15 [1987]). There is no dispute that defendant satisfied the first three requirements for admission of the statement and, thus, only the fourth requirement, concerning the statement's reliability and trustworthiness, is at issue here.
With respect to the fourth requirement, the Court of Appeals has held that, "[t]o circumvent fabrication and insure the reliability of . . . statements [against penal interest], there must be some evidence, independent of the declaration itself, which fairly tends to support the facts asserted therein" (People v Settles, 46 NY2d 154, 168 [1978]). "When considering the reliability of a declaration, courts should also consider the circumstances of the statement, such as, among other things, the declarant's motive in making the statement—i.e., whether the declarant exculpated a loved one or inculpated someone else, the declarant's personality and mental state, and 'the internal consistency and coherence of the declaration' " (People v DiPippo, [*2]27 NY3d 127, 137 [2016], quoting People v Shortridge, 65 NY2d 309, 313 [1985]).
Here, we conclude that defendant failed to establish that the hearsay statement was reliable and that the court therefore did not err in refusing to admit it in evidence (see Thibodeau, 151 AD3d at 1553). Although the declarant stated that "[t]he drugs were never in [defendant's] presence," the undisputed evidence at trial established that defendant was in the kitchen with more than four ounces of cocaine on the counter in plain view when the police entered his residence. There were also smaller bags of cocaine in the kitchen cupboard and freezer, along with paraphernalia used to make and package crack cocaine. Additionally, the declarant does not explain in his brief statement why he brought a loaded firearm to defendant's residence or why he felt the need to hide the weapon from defendant. Under the circumstances, we cannot conclude that the court abused its discretion in refusing to admit the hearsay statement as a declaration against penal interest.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court