BBM3, LLC v Vosotas (2023 NY Slip Op 02279)

BBM3, LLC v Vosotas

2023 NY Slip Op 02279

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Kern, J.P., Oing, Kennedy, Shulman, Higgitt, JJ. 

Index No. 652015/21 Appeal No. 151-152 Case No. 2022-01935, 2023-00050 

[*1]BBM3, LLC, Plaintiff-Respondent,
v
James Vosotas, Defendant-Appellant. 

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Brian D. Graifman of counsel), for appellant.
Kaufman & Kahn, LLP, New York (Mark S. Kaufman of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered January 13, 2022, awarding plaintiff damages in the amount of $19,380,664.30, and bringing up for review an order, same court and Justice, entered January 4, 2022, which granted plaintiff's motion for summary judgment in lieu of complaint and denied defendant's cross-motion to dismiss, unanimously affirmed, with costs. Order, same court and Justice, entered August 19, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's motion to renew the motion for summary judgment, unanimously affirmed, with costs.
Plaintiff satisfied its prima facie burden on its CPLR 3213 motion for summary judgment in lieu of complaint by demonstrating the existence of the guaranties and underlying debts, as well as defendant guarantor's failure to perform under the guaranties, none of which defendant disputed on the original motion (see Cooperatieve Centrale Raiffeseisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]). CPLR 3213 relief was appropriate despite the completion guaranty's provision requiring some additional performance obligations by the borrower, as the guaranty "include[d] an unconditional obligation to pay" that "required no additional performance by plaintiff as a condition precedent to payment" (iPayment, Inc. v Silverman, 192 AD3d 586, 587 [1st Dept 2021], lv dismissed 37 NY3d 1020 [2021][citations omitted]). Furthermore, nothing in the guaranty rendered defendant's promise to pay anything but unconditional (id.).
Supreme Court providently exercised its discretion in denying defendant's motion to renew, as defendant made no effort to present a reasonable justification for his failure to submit facts available to him in opposition to the original motion (CPLR 2221[e]; see Bronson v Jacobs, 204 AD3d 531, 531 [1st Dept 2022]). While a court has discretion to grant renewal in the interest of justice even upon facts known to the movant at the time of the original motion (Global Liberty Ins. Co. v Laruenceau, 187 AD3d 570, 571 [1st Dept 2020]), defendant does not point to any circumstances here that would justify granting renewal in the interest of justice. Counsel's strategic decision to move to dismiss solely based on personal jurisdiction rather than to oppose the summary judgment motion on substantive grounds is not the kind of administrative "law office failure" that we have found justified renewal in the absence of prejudice to the nonmovant (see e.g. Cruz v Castanos, 10 AD3d 277, 278 [1st Dept 2004]).
In addition, the email from plaintiff's principal, which defendant submitted on his renewal motion, does not create an issue of fact as to the calculation of interest. Although the email alludes to the occurrence of "de-risking events" or third-party approvals as conditions precedent to a decrease in interest rate, the email does not constitute an agreement between the lender and the borrower for purposes of amending [*2]the loan agreement. Nor has defendant even demonstrated the occurrence of any of the events or approvals referred to in the email.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023