People v Davila (2025 NY Slip Op 01300)

People v Davila

2025 NY Slip Op 01300

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Gesmer, J.P., Shulman, Rosado, O'Neill Levy, JJ. 

Ind No. 8859/91|Appeal No. 3846|Case No. 2022-04788|

[*1]The People of the State of New York, Respondent,
v
Paul Davila, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.

Order, Supreme Court, Bronx County (Denis J. Boyle, J.), entered on or about October 7, 2022, insofar as it denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered June 2, 1994, unanimously reversed, on the law, and the motion granted to the extent of remanding the matter for a hearing on defendant's actual innocence claim.
The motion court properly found that defendant failed to demonstrate that the People possessed information provided to federal prosecutors by a cooperator suggesting a different motive for the attempted murder (see People v Garrett, 23 NY3d 878, 886 [2014]). Defendant's argument that the People possessed this information before his trial, based on proffer sessions defendant held with New York Police Department detectives and communication between federal prosecutors and prosecutors in the Bronx District Attorney's Office, rests "entirely on speculation" (see People v Major, 243 AD2d 310, 311 [1st Dept 1997], lv denied 91 NY2d 928 [1998]).
Additionally, defendant failed to show that had the information "been disclosed to the defense, the result would have been different," and that the verdict was therefore not "worthy of confidence" (People v Ulett, 33 NY3d 512, 519 [2019]). The victim testified that he identified defendant in a lineup and recognized him at the time of the shooting. Moreover, while some of the cooperator's statements may have suggested another motive for the shooting, the cooperator also inculpated defendant and confirmed the People's theory that defendant was aiming for another person to keep him from testifying at defendant's murder trial for the killing of that person's brother.
The court, however, should have ordered a hearing on defendant's actual innocence claim (see People v Jimenez, 142 AD3d 149, 155 [1st Dept 2016]). Defendant presented evidence, supported by the statements of the Assistant United States Attorneys who handled the cooperator, that, in 1998, after defendant's trial, the cooperator credibly exonerated defendant by admitting to the shooting. Although the cooperator has died, his confession would be admissible as a statement against penal interest (see People v Soto, 26 NY3d 455, 460-461 [2015]). Accordingly, the court lacked grounds for a summary denial under CPL 440.30(4)(b).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025