Alvizurez v North State Realty Assoc. LLC (2026 NY Slip Op 01839)

Alvizurez v North State Realty Assoc. LLC

2026 NY Slip Op 01839

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Index No. 802581/21, 801225/24|Appeal No. 6217-6218|Case No. 2025-05738 , 2025-06205|

[*1]Maynor Alvizurez, Respondent,
vNorth State Realty Associates LLC et al., Appellants.

Lewis Johs Avallone Aviles, LLP, Islandia (Amy E. Bedell of counsel), for appellants.
William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on April 30, 2025, which denied the motion of defendant North State Realty Associates LLC for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted, and order, same court (Kim A. Wilson, J.), entered on September 26, 2025, which denied the motion of defendant Finkelstein Timberger East Real Estate LLC for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that he slipped and fell on "dirty water" while descending an interior stairwell in a building lobby. According to plaintiff, there was snow on the ground outside the building, as it had been snowing earlier that day.
Supreme Court should have granted defendants' motions for summary judgment based on the storm-in-progress doctrine (see Ross v Lewis, 181 AD3d 423, 423 [1st Dept 2020]; Espinell v Dickson, 57 AD3d 252, 253 [1st Dept 2008]). Defendants, the owner and manager of the building in which plaintiff was injured, established their entitlement to summary judgment by submitting undisputed meteorological data establishing that plaintiff's accident occurred no more than 1 hour and 50 minutes after cessation of a major winter storm, which resulted in the accumulation of more than 18 inches of snow. Thus, under the storm-in-progress doctrine, defendants' duty to maintain the lobby in a safe condition was suspended at the time plaintiff slipped and fell on the stairs, as defendants did not have a reasonable amount of time to permit discovery and remediation of the storm-related wet condition (see e.g. Clement v New York City Tr. Auth., 122 AD3d 448, 449 [1st Dept 2014]; see also Richardson v S.I.K. Assocs., L.P., 102 AD3d 554, 554 [1st Dept 2013]).
Defendants also demonstrated that there were no triable issues of fact as to whether they created the condition or had actual or constructive notice of it. Plaintiff does not maintain that defendants created the hazardous condition. As to notice, plaintiff himself testified that he saw no wet condition or puddles on the stairs when he ascended them approximately 45 minutes before he slipped and fell on the way down; he also testified that only after his fall did he see dirty water on the stairs and small puddles in the lobby (see Gomez v J.C. Penny Corp., 113 AD3d 571, 572 [1st Dept 2014]). Therefore, the wet condition could not have existed for more than 45 minutes, which is insufficient to discover and remedy a dangerous condition (see Velocci v Stop and Shop,
188 AD3d 436, 439 [1st Dept 2020]; Jones v Icahn Assoc. Corp., 173 AD3d 546, 547 [1st Dept 2019]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026